UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

SUSAN BRIGGS,

        Plaintiff

v.

THE STOP & SHOP SUPERMARKET COMPANY,

        Defendant

## **COMPLAINT AND JURY DEMAND**

1. The Plaintiff, Susan Briggs ("Plaintiff"), is a natural person with a residential address of 23 Rickard Street, North Adams, Berkshire County, Massachusetts.

2. The Defendant, Stop & Shop Supermarket Company ("Defendant"), is a corporation that operates a business located at 876 State Road, North Adams, Berkshire County, Massachusetts.

### **Jurisdiction**

3. This Court has jurisdiction over the claims set forth herein, pursuant to 28 U.S.C. § 1331 and otherwise. There are federal questions of law. The Plaintiff's claims are brought under the Americans with Disabilities Act, as amended.

4. This Court has supplemental jurisdiction over the state claims set forth herein, pursuant to 28 U.S.C. § 1367 and otherwise. The Plaintiff's state claims are brought under M.G.L. c. 151B.

## Venue

5. This Court serves as the proper venue where the facts giving rise to the Plaintiff's claims set forth herein occurred in Berkshire County, Massachusetts.

## Facts

6. The Plaintiff was born with congenital cataracts and has glaucoma. The Plaintiff is completely blind in her left eye and her corrected vision in her right eye is 20/200 – the Plaintiff is legally blind. The Plaintiff is also partially deaf and wears hearing aids.

7. The Plaintiff is a qualified disabled/handicapped person under state and federal law.

8. The Plaintiff began working at the Defendant in or about March of 2007. The Plaintiff last held the position of Courtesy Clerk (i.e., front-end bagger).

9. The Defendant was aware of the Plaintiff's disability/handicap upon her hire.

10. The Plaintiff performed her job responsibilities well throughout the course of her employment with the Defendant.

11. The Plaintiff's job responsibilities included bagging customer groceries, stocking the front-end registers with supplies and cleaning and emptying recycling machines.

12. At times, management of the Defendant would instruct baggers to do overstock (returning loose items to the shelves) and to retrieve shopping carts from the parking lot.

13. The Plaintiff typically worked from 8:00 a.m. to 1:00 p.m. or 2:00 p.m., four (4) days a week. During any given shift there were usually about four (4) baggers working, including the Plaintiff.

14. In or about the spring of 2016, the Plaintiff submitted a note from her ophthalmologist to management of the Defendant. The note explained that the Plaintiff's vision was significantly impaired and tasks such as re-stocking shelves (reading labels) were

difficult for her. The note from the Plaintiff's ophthalmologist was not specifically limited to re-stocking duties. The Plaintiff requested reasonable accommodations.

15. In or about February of 2016, a competitor grocery store, Price Chopper, closed which in turn created more business at the Defendant. There were a lot more customers shopping at the Defendant and, consequently, a much higher volume of traffic in the parking lot. Because of the Plaintiff's impaired vision and hearing she worried about being hit by a car in the parking lot which had almost occurred on multiple occasions.

16. Concerned for her safety, the Plaintiff asked management of the Defendant, Karen Britten, CSDH, to be excused from retrieving shopping carts in the parking lot. The Plaintiff volunteered to do numerous other duties instead of retrieving shopping carts, but Ms. Britten denied her request out-right without explanation.

17. In or about the fall of 2016, a new store manager, Dan Jowett, and assistant store manager, Steven Mottor, were hired.

18. After the Plaintiff requested to be excused from retrieving shopping carts in the parking lot, management of the Defendant began collecting customer complaints about her.

19. Management of the Defendant repeatedly denied her requests for accommodation and forced her to go out in the parking lot to retrieve shopping carts.

20. On at least one occasion, the Plaintiff asked Mr. Jowett, the new store manager, to be excused from retrieving shopping carts from the parking lot. Mr. Jowett dismissed the Plaintiff's request saying that retrieving shopping carts was part of her job. Mr. Jowett mockingly told the Plaintiff that if she could not retrieve shopping carts then she could take a janitor position, cleaning toilets.

21. The Plaintiff pointed out to Mr. Jowett that a co-worker, Bev, had been excused from

retrieving shopping carts after she had brought in a doctor's note. The Plaintiff asked if they needed her to provide another doctor's note, in order to be excused from retrieving shopping carts. Mr. Jowett replied that if the Plaintiff turned in a doctor's note then he would place her on a medical leave of absence.

22. On or about January 20, 2017, the Plaintiff received a write up for an alleged customer complaint on January 2, 2017.

23. On or about January 21, 2017, the Plaintiff received a second write up for another alleged customer complaint.

24. Since requesting to be excused from retrieving shopping carts from the parking lot, the Plaintiff felt that management of the Defendant was collecting bogus customer complaints against her in an effort to terminate her employment.

25. On or about January 21, 2017, Mr. Jowett told the Plaintiff that he was suspending her and that she would have to go to the union to get her job back.

26. The Plaintiff felt like she was being terminated because Mr. Jowett told her that she had to go to the union to get her job back and, in the past, when she had complained to the union about being forced to retrieve shopping carts from the parking lot despite her vision/hearing impairment and fear for her safety, the union failed to do anything to help her.

27. On or about January 21, 2017, the Plaintiff felt that she had no choice but to resign from her employment and was constructively discharged.

28. The Plaintiff has suffered and continues to suffer from emotional distress as a result of the discrimination and harassment and retaliation and the Defendant's knowing and willful repeated failure to remedy the situation.

29. The Plaintiff has satisfied the prerequisites to filing suit.

## Count I
### (Americans with Disabilities Act, as Amended, ("ADA") – Real or Perceived Disability/Handicap Discrimination)

30. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

31. The Plaintiff is a qualified disabled person and/or was perceived as disabled by the Defendant.

32. As more fully set forth above, the Plaintiff was discriminated against and otherwise treated adversely because of her real and/or perceived disability.

33. The Plaintiff was constructively discharged from her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's real and/or perceived disability.

34. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Susan Briggs, respectfully requests a judgment against the Defendant, The Stop & Shop Supermarket Company, and for all damages available pursuant to the ADA.

## Count II
### (ADA – Real or Perceived Disability/Handicap Harassment)

35. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

36. The Plaintiff is a qualified disabled person and/or was perceived as disabled by the Defendant.

37. As more fully set forth above, the Plaintiff was harassed and otherwise treated adversely because of her real and/or perceived disability.

38. The Plaintiff was constructively discharged from her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's real and/or perceived disability.

39. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this harassing conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Susan Briggs, respectfully requests a judgment against the Defendant, The Stop & Shop Supermarket Company, and for all damages available pursuant to the ADA.

## Count III
### (ADA – Denial of Request for Reasonable Accommodations)

40. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

41. The Plaintiff is a qualified disabled person and/or was perceived as disabled by the Defendant.

42. As more fully set forth above, the Plaintiff was treated adversely because of her real and/or perceived disability.

43. The Plaintiff requested reasonable accommodations for her disability, and the Defendant denied the Plaintiff those requested accommodations and took adverse action against the Plaintiff for requesting same.

44. The Plaintiff was constructively discharged from her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's real and/or perceived disability and request for accommodation.

45. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory and harassing conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Susan Briggs, respectfully requests a judgment against the Defendant, The Stop & Shop Supermarket Company, and for all damages available pursuant to the ADA.

### Count IV
### (ADA – Retaliation)

46. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

47. The Plaintiff is a qualified disabled person and/or was perceived as disabled by the Defendant.

48. As more fully set forth above, the Plaintiff was treated adversely because of her real and/or perceived disability and her request for reasonable accommodations for same.

49. The Plaintiff was constructively discharged from her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's real and/or perceived disability and her requests for reasonable accommodation for same.

50. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory, harassing and retaliatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Susan Briggs, respectfully requests a judgment against the Defendant, The Stop & Shop Supermarket Company, and for all damages available pursuant to the ADA.

## Count V
### (M.G.L. c. 151B – Real or Perceived Disability/Handicap Discrimination)

51. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

52. The Plaintiff is a qualified disabled/handicapped person and/or was perceived as disabled/handicapped by the Defendant.

53. As more fully set forth above, the Plaintiff was discriminated against and otherwise treated adversely because of her real and/or perceived disability/handicap.

54. The Plaintiff was constructively discharged from her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's real and/or perceived disability/handicap.

55. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Susan Briggs, respectfully requests a judgment against the Defendant, The Stop & Shop Supermarket Company, and for all damages available pursuant to M.G.L. c. 151B.

## Count VII
### (M.G.L. c. 151B – Real or Perceived Disability/Handicap Harassment)

56. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

57. The Plaintiff is a qualified disabled/handicapped person and/or was perceived as disabled/handicapped by the Defendant.

58. As more fully set forth above, the Plaintiff was harassed and otherwise treated adversely because of her real and/or perceived disability/handicap. The Plaintiff suffered a hostile work environment.

59. The Plaintiff was constructively discharged from her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's real and/or perceived disability/handicap.

60. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this harassing conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Susan Briggs, respectfully requests a judgment against the Defendant, The Stop & Shop Supermarket Company, and for all damages available pursuant to M.G.L. c. 151B.

### Count VIII
### (M.G.L. c. 151B – Denial of Request for Reasonable Accommodations)

61. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

62. The Plaintiff is a qualified disabled person and/or was perceived as disabled/handicapped by the Defendant.

63. As more fully set forth above, the Plaintiff was treated adversely because of her real and/or perceived disability/handicap.

64. The Plaintiff requested reasonable accommodations for her disability/handicap, and the Defendant denied the Plaintiff those requested accommodations and took adverse action against the Plaintiff for requesting same.

65. The Plaintiff was constructively discharged from her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's real and/or perceived disability/handicap and request for accommodation.

66. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory and harassing conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Susan Briggs, respectfully requests a judgment against the Defendant, The Stop & Shop Supermarket Company, and for all damages available pursuant to M.G.L. c. 151B.

### Count IX
### (M.G.L. c. 151B - Retaliation)

67. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

68. The Plaintiff is a qualified disabled/handicapped person and/or was perceived as disabled/handicapped by the Defendant.

69. As more fully set forth above, the Plaintiff was treated adversely because of her real and/or perceived disability and her request for reasonable accommodations for same.

70. The Plaintiff was constructively discharged from her employment with the Defendant, and her employment with the Defendant was otherwise adversely affected based upon the Plaintiff's real and/or perceived disability and her requests for reasonable accommodation for same.

71. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory, harassing and retaliatory conduct would not occur and/or continue.

WHEREFORE, the Plaintiff, Susan Briggs, respectfully requests a judgment against the Defendant, The Stop & Shop Supermarket Company, and for all damages available pursuant to M.G.L. c. 151B.

**THE PLAINTIFF DEMANDS A JURY TRIAL AGAINST THE DEFENDANT ON ALL COUNTS SO TRIABLE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE RULES OF CIVIL PROCEDURE OTHERWISE.**

Respectfully submitted,

The Plaintiff
SUSAN BRIGGS
By Her Attorney

| | |
|---|---|
| */s/ Daniel J. O'Connell* | Dated: May 10, 2019 |
| DANIEL J. O'CONNELL, ESQ. | |
| BBO No. 550633 | |
| O'Connell & Plumb, P.C. | |
| 75 Market Place | |
| Springfield, Massachusetts 01103 | |
| Telephone No. (413) 733-9111 | |
| Facsimile No. (413) 733-9888 | |
| Email: doconnell@ocpllaw.com | |